Piebsoh E. Hildreth, S.
This is a proceeding for construction of decedent’s will, particularly paragraph “ sixth ” thereof. Under this paragraph the will made the following disposition of the residuary estate:
“A. During the lifetime of my said brother, Charles L. S. Tingiey, Jr., or until such time as the first one of any of his issue shall attain the age of Thirty-five years, my Trustee shall pay over the net income therefrom as follows: two-thirds to my sister Eleanor L. Tingiey and one-third to my said brother, Charles L. S. Tingiey, Jr., but should my said sister predecease me, or die during the period of such trust, my Trustee shall pay over the entire net income to my said brother, during the period of such trust.
“ B. Upon the death of my said brother, Charles L, S. Tingiey, Jr., or at such time as the first one of any of his issue shall attain the age of thirty-five years, the said trust estate shall be divided into as many equal shares as there shall be issue, per stirpes, of my said brother, and one share shall be set apart for each such issue, per stirpes. * * * ”
Decedent died August 29, 1959, but the brother named in paragraph “sixth”, Charles L. S. Tingiey, Jr., had predeceased her. Decedent was survived only by a sister and three minor children of such predeceased brother.
In the opinion of the court, subparagraph “A” of paragraph “ sixth ” would have effect only in the event the brother survived the decedent, and if the brother predeceased decedent, the residue was to be disposed of as provided by subparagraph “B”
*987 Accordingly, under the situation as existing at death the will is construed as providing for the disposition of the residuary estate under subparagraph “ B ” of paragraph “sixth” namely, that the trust estate shall be divided into three equal shares, being one share for each of the children of such deceased brother.
The petitioner further requests instructions as to whether or not, under the provisions of the will, the principal of each respective trust may be invaded for the benefit of each infant beneficiary of such trust. Paragraph “ninth” of the will authorizes the trustee at any time that in its discretion it believes the interest of any issue of such predeceased brother would be furthered “ with respect to any trust hereby created to apply for the benefit of, or pay over to him or her as the case may be, any part of the corpus of such trust ”.
In the opinion of the court this paragraph authorizes invasion of the principal of each separate trust in the discretion of the trustee only for the benefit of the infant beneficiary of such trust, but does not allow invasion of one trust for the beneficiary of any other trust. Submit decree accordingly.